IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35411-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROGER DEAN LEWIS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Roger Lewis appeals his conviction for attempting to

elude a pursuing police vehicle. We affirm, but remand for the trial court to strike the

criminal filing fee and the DNA[1] fee it imposed against Lewis.

FACTS

The Spokane County Prosecutor charged Lewis with attempting to elude a

pursuing police vehicle. The prosecutor's office also alleged a sentencing enhancement,

_____

[1] Deoxyribonucleic acid.

namely, that Lewis threatened his passenger with physical injury or harm during the incident.

Lewis waived his right to a jury. He also filed a CrR 3.5 motion to exclude his statements to the arresting officer. The trial court denied his motion and ruled that his statements were admissible in the State's case-in-chief.

The parties presented their evidence, and the trial court found Lewis guilty as charged. The trial court later sentenced Lewis and assessed costs against him, including a $200 criminal filing fee and a $100 DNA fee.

Lewis appealed.

## ANALYSIS

A.    REMAND UNNECESSARY BECAUSE FINDINGS AND CONCLUSIONS WERE
      BELATEDLY ENTERED

Lewis argues the trial court erred by failing to enter written findings of fact and conclusions of law with respect to the CrR 3.5 motion and the bench trial. Lewis argues we should remand to correct these errors.

Soon after Lewis raised these arguments, the trial court corrected these errors by entering findings of fact and conclusions of law. The State responded that Lewis should be given an opportunity to raise additional issues now that the findings and conclusions had been entered.

This court agreed with the State and provided Lewis an opportunity to raise additional issues. Lewis responded that he had "reviewed the written findings of fact and conclusions of law and believes [his] arguments are adequately set forth in the Opening Brief of Appellant." Letter from Jared Steed, Nielsen, Broman & Koch, to Renee Townsley, Clerk of Court, Washington Court of Appeals, Division Three (May 21, 2018).

The remedy sought by Lewis was for the trial court to enter findings of fact and conclusions of law on the CrR 3.5 motion and the bench trial. He received his requested relief.

B.    REMAND TO STRIKE CRIMINAL FILING FEE AND DNA FEE

Prior to this case being set for consideration, the Washington Supreme Court issued *State v. Ramirez*, __ Wn.2d __, 426 P.3d 714 (2018). Lewis filed a supplemental brief. Citing *Ramirez*, Lewis argues that the $200 criminal filing fee and the $100 DNA fee assessed by the trial court should be struck. We gave the State 20 days to respond to Lewis's supplemental brief. The State did not respond.

In *Ramirez*, the Supreme Court discussed and applied Engrossed Second Substitute House Bill 1783, 65th Leg., Reg. Sess. (Wash. 2018) (HB 1783), which became effective June 7, 2018. 426 P.3d at 717. *Ramirez* holds that HB 1783 applies prospectively to cases on appeal. *Id.* at 716.

HB 1783 amends RCW 36.18.020(2)(h) and prohibits courts from assessing a criminal filing fee against a defendant who is indigent at the time of sentencing. Here, the trial court found that Lewis was indigent for purposes of this appeal. We infer that he was indigent at the time of sentencing. We, therefore, direct the trial court to strike the $200 criminal filing fee.

HB 1783 also amends RCW 43.43.7541 to prohibit assessment of the $100 DNA fee against a defendant who had previously provided a DNA sample because of a prior conviction. LAWS OF 2018, ch. 269, § 18. Lewis has prior felony convictions. We infer that Lewis has previously provided a DNA sample pursuant to his prior felony convictions. We therefore direct the trial court to strike the $100 DNA fee.

C.     APPELLATE COSTS

Lewis requests that we deny the State an award of appellate costs in the event the State substantially prevails. The State has not substantially prevailed. The trial court has now entered findings of fact and conclusions of law, and we have directed it to strike certain costs. The State is not entitled to appellate costs.

No. 35411-3-III
*State v. Lewis*

Remand to strike costs.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Fearing, J.                                              Pennell, J.